**Carl Jerome LEE, Petitioner—Appellant,**

v.

**Darrel ADAMS, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 01–56170.

D.C. No. CV–00–10785–NM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2002.*

Decided Jan. 8, 2003.

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

## MEMORANDUM**

Carl Lee fails to cite a single case that shows the admission of expert testimony on battered women's syndrome, combined with a proper limiting instruction, "was contrary to, or involved an unreasonable

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

application of, clearly established Federal law, *as determined by the Supreme Court.*" 28 U.S.C. § 2254(d)(1) (emphasis added); *cf. Garceau v. Woodford*, 275 F.3d 769, 774 (9th Cir.2001), *cert. granted in part by*, —— U.S. ——, 123 S.Ct. 32, 153 L.Ed.2d 893 (2002). The expert testimony here was highly relevant for the purpose of contextualizing the victim's testimony. *Cf. Estelle v. McGuire*, 502 U.S. 62, 68–69, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (allowing probative expert testimony on battered child syndrome). It explained the emergence of certain traits in battered women and dispelled common misconceptions about how battered women behave; it did not describe Lee or portray any actual events.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.